IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| STEPHANIE HESTER-ALLEN | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| JUAN L. POGGIO | : | NO. 15-5073 |

FILED
SEP 30 2015
MICHAEL E. KUNZ, Clerk
By_____ _____Dep. Clerk

### MEMORANDUM

JONES, J.                                                                 SEPTEMBER 30th, 2015

Plaintiff Stephanie Hester-Allen brings this civil action against Dr. Juan L. Poggio based on allegations that the doctor negligently performed surgery on her, causing her injury. Plaintiff seeks to proceed *in forma pauperis*. For the following reasons, the Court will grant plaintiff leave to proceed *in forma pauperis* and dismiss the complaint.

### I.    FACTS[1]

Dr. Poggio operated on plaintiff on April 18, 2012. Plaintiff alleges that during the surgery, Dr. Poggio negligently lacerated her anal sphincter muscle, causing incontinence. The complaint and its attachments reflect that, prior to initiating the instant lawsuit, plaintiff filed a medical malpractice lawsuit in the Philadelphia Court of Common Pleas against Dr. Poggio and another doctor. The judge who presided over plaintiff's state case struck her certificate of merit, entered judgment of non pros in favor of the defendants, and denied plaintiff's petition to open the judgment of non pros. Plaintiff appealed to the Superior Court, which affirmed the judgment in an August 14, 2015 opinion after concluding that plaintiff had waived her arguments due to her failure to file a concise statement of errors complained of on appeal in accordance with the applicable procedural rules. Documents from that underlying litigation, which are attached to

---

[1] The following facts are taken from the complaint and documents attached to the complaint.

1

the complaint in the instant case, reflect that plaintiff was aware of her injuries and Dr. Poggio's alleged role in causing those injuries shortly after the surgery, and by the end of 2012 at the latest.

Plaintiff initiated this action against Dr. Poggio on September 10, 2015, seeking damages for injuries resulting from the surgery. She indicates that she is raising federal claims under 42 U.S.C. § 1983 and Title VII, as well as state law claims for medical malpractice.

## II. STANDARD OF REVIEW

The Court grants plaintiff leave to proceed *in forma pauperis* because it appears that she is incapable of paying the fees necessary to commence this civil action. As plaintiff is proceeding *in forma pauperis*, 28 U.S.C. § 1915(e)(2)(B)(ii) applies, which requires the Court to dismiss the amended complaint if it fails to state a claim. Whether a complaint fails to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6), *see Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999), which requires the Court to determine whether the complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted). The Court may also consider exhibits attached to the complaint. *Buck v. Hampton Twp. Sch. Dist.*, 452 F.3d 256, 260 (3d Cir. 2006). Additionally, the Court may dismiss claims based on an affirmative defense if the affirmative defense is obvious from the face of the complaint. *See Fogle v. Pierson*, 435 F.3d 1252, 1258 (10th Cir. 2006); *cf. Ball v. Famiglio*, 726 F.3d 448, 459 (3d Cir. 2013). As plaintiff is proceeding *pro se*, the Court construes her allegations liberally. *Higgs v. Att'y Gen.*, 655 F.3d 333, 339 (3d Cir. 2011).

### III. DISCUSSION

Plaintiff has not stated a claim under federal law. "To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *See West v. Atkins*, 487 U.S. 42, 48 (1988). Here, plaintiff is seeking damages from a private physician who operated on her, rather than a state actor. Accordingly, § 1983 is inapplicable here. Although the complaint also mentions Title VII, that provision prohibits employment discrimination based on an individual's race, color, religion, sex, or national origin. *See* 42 U.S.C. § 2000e-2(a). Title VII has no application to this case, which seeks compensation for injuries plaintiff sustained in connection with a medical operation.

Plaintiff's remaining medical malpractice claim is time-barred.[2] Pennsylvania's two-year statute of limitations applies to plaintiff's medical malpractice claim. *See* 42 Pa. Cons. Stat. § 5524(2). In accordance with the discovery rule, the limitations period "does not begin to run until the injured party discovers or reasonably should discover that [she] has been injured and that [her] injury has been caused by another party's conduct." *Fine v. Checcio*, 870 A.2d 850, 859 (Pa. 2005). Here, attachments to the complaint reflect that plaintiff was aware of her injuries and Dr. Poggio's alleged role in their cause by the end of 2012 at the latest. As plaintiff did not file this suit until September 10, 2015, her claims are time-barred.

---

[2] As the complaint purports to assert federal and state claims, the Court will exercise supplemental jurisdiction over plaintiff's state claim for purposes of screening. It is not clear whether an independent basis for subject matter jurisdiction exists over plaintiff's state claim pursuant to 28 U.S.C. § 1332(a), because the complaint does not allege the parties' states of citizenship.

## IV. CONCLUSION

For the foregoing reasons, the Court will dismiss plaintiff's complaint. As plaintiff cannot cure the deficiencies in her claims, the Court concludes that amendment would be futile. An appropriate order follows, which shall be docketed separately.